UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRADO ESCOBEDO,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>DEAN BORDERS, Acting Warden,[1]<br><br>　　　　Respondent. | Case No. SACV 16-00186-JAK (DTB)<br><br>ORDER TO SHOW CAUSE |

   On February 1, 2016,[2] petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein, along with supporting exhibits ("Pet. Exh."). The Petition purports to be directed to a judgment of conviction sustained by

---

   [1]   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Dean Borders, the Acting Warden of California Institute for Men, in Chino, California, where petitioner currently is incarcerated, is hereby substituted as the proper respondent in this case.

   [2]   February 1, 2016 is the signature date and, thus, the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d). See also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings).

petitioner in Orange County Superior Court on November 21, 2012, following his guilty plea to allegations of lewd conduct with a child under the age of 14 and oral copulation of a minor under the age of 16. (See Pet. at 2; Pet. Exh. A at 1.) Petitioner was sentenced on December 28, 2012 to a prison term of five years. (Id.) Petitioner did not challenge his conviction on direct appeal. (Pet. at 2.) In the Petition, insofar as the Court can glean, petitioner raises five claims: Trial counsel failed to conduct a proper pre-trial investigation and secure evidence (id. at 5-8); trial counsel failed to move for the exclusion of false evidence (id. at 9-10); trial counsel failed to retain a defense expert (id. at 11-12); trial counsel failed to subpoena the victim to testify (id. at 13-14); and trial counsel failed to present a defense in a timely manner (id. at 15-17).

The Court's initial review of the Petition reveals that it appears to be untimely. Accordingly, on or before **March 25, 2016**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[3]

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

///

---

[3] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

     (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

     (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Ct. R. 8.308(a). Where the judgment of conviction was entered upon a guilty or nolo contendere plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Ct. R. 8.304(b); see also Cal. Penal Code § 1237.5. Here, petitioner entered a guilty plea on November 21, 2012, and was

sentenced on December 28, 2012. (Pet. at 2.) Since petitioner did not file an appeal, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was February 26, 2013, when petitioner's time to file a notice of intended appeal expired. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Petitioner had one year from that date within which to file his federal habeas petition.

From the face of the Petition, it does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(C). Moreover, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D). Petitioner was aware of the **factual** predicate of his claims as of the date he pleaded guilty. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was February 26, 2014. The instant Petition was filed almost two years late.

28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, it appears petitioner filed three collateral challenges to the underlying judgment of conviction: An Orange County Superior Court habeas petition, Case No.

M15749; a California Court of Appeal habeas petition, Case No. G051039; and a California Supreme Court habeas petition, Case No. S224940.  According to petitioner, the petition in Case No. M15749 was constructively filed on June 8, 2014 and denied on July 10, 2014.  Because petitioner filed his first state habeas petition challenging the 2012 conviction over three months after the deadline for filing a federal habeas petition expired, petitioner is not entitled to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).  Once the limitations period lapsed, it could not be reinitiated.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In Holland v. Florida, 560 U.S. 631, 634, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" beyond his control stood in his way and made it impossible for him to file the Petition on time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (as amended); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that "extraordinary circumstances" were the proximate cause of his untimeliness).

DATED: February 24, 2016

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE